CALHOUN v. SOUTHERN COTTON OIL CO.

(Circuit Court, N. D. Georgia. October 27, 1902.)

1. PATENTS—INVENTION—FEED BALER.
    The Davenport patent, No. 340,769, for a method of baling short-cut hay or straw, is void on its face, for lack of patentable invention.

In Equity. Suit for infringement of letters patent No. 340,769, for baling short-cut hay or straw, granted April 27, 1886, to Emery M. Davenport. On demurrer to bill.

Abbott & Goree, for complainant.
King & Spalding, for defendant.

NEWMAN, District Judge. The complainant brings this bill to enjoin the defendant company from the use of a certain patent right, and to have a decree for the gains and profits realized by the defendant from the use of such patent. The letters patent in question were granted to Emery M. Davenport on April 27, 1886. The bill alleges that Emery M. Davenport died intestate soon after the issuance of the letters patent, and on the 2d day of May, 1887, Ellen M. Davenport was duly and legally appointed administratrix on the estate of said Emery M. Davenport by the surrogate of the county of Chautauqua, N. Y., and further that on March 11, 1902, Ellen M. Davenport, as administratrix, by assignment in writing, sold, assigned, and transferred to complainant all her exclusive right, title, and interest in the letters patent for a number of states and territories,—among them, the state of Georgia.

The patent in question here is a method or device for baling short-cut hay or straw. The specification and claim, with the accompanying drawing, are as follows:

"The object of this improvement is the baling of short-cut feed, such as hay or straw, in a manner that is adapted to prevent the disintegration of the bale and wasting of the feed during the transportation of the same from one place to another. These results are attained in the bale illustrated in the drawing herewith filed as part hereof, which is a perspective representation of a bale of cut feed made according to the manner of my improvement. In the drawing, A is the hay or straw. B, B', represent single binder-pieces, of thin plank, bound to the opposite ends of the bale by cords or wires, C, C, C, hooked or tied together in the ordinary manner at any part of the bale that may be most convenient. These binder-pieces, B, B', are made to agree in size with the transverse area of the receiving-chamber of a suitable press,—preferably, Deaderick's perpetual press,—and are therefore about the same width as the bale, and as long as its sides. These binder-pieces are put into the press simultaneously with the hay or straw, in positions to come at the ends of the bale; and the hay or straw is then compactly pressed together, as shown, and the binder-pieces, B. B', suitably secured to the body of the bale by cords or wires shown, and the formation of the bale completed before it is removed from the press, and while the binder-pieces and hay or straw are under pressure in the same. Forming the bale with wood binders at its ends, and completing the same while under pressure therein, would not be practicable, except with single binder-pieces, as series of pieces could not be made to preserve suitable relative positions to each other and to the hay or

straw. I am aware that short-cut feed has been baled by binding the sides of the same between series of longitudinal strips at each side of the bale, and also between series of transversely arranged pieces of plank, and longitudinal strips to bind the ends of the transverse pieces to the body of the bale. I do not claim such features or arrangement, but what I claim as new, and desire to secure by letters patent, is a bale provided at its ends with single binder-pieces about the same size as the ends of the bale, and suitably bound thereto by cords or wires, substantially as shown and specified."

To this bill a demurrer is interposed on several grounds. The only one which I care to notice, before reaching the real merits of this case, is that on the ground of laches. The patent was granted April 27, 1886. The patentee died very soon thereafter. An administratrix was appointed in May, 1887, and no steps whatever appear to have been taken—certainly nothing towards utilizing this patent—until it was transferred to the complainant, in March, 1902. The bill was filed in this court on April 29, 1902. The patent was granted for 17 years, and therefore at the time this suit was commenced it had 2 days less than one year to run. The patent then lay dormant for 16 years, without any attempt whatever, apparently, to put it into practical use. It is immaterial to consider, however, whether this would defeat any rights which might otherwise exist as to this patent, because I think the case is controlled by that ground of demurrer which sets up that the device for which the patent was issued does not contain novelty or patentable invention. The patentee says in his specification:

"I am aware that short-cut feed has been baled by binding the sides of the same between series of longitudinal strips at each side of the bale, and also between series of transversely arranged pieces of plank, and longitudinal strips to bind the ends of the transverse pieces to the body of the bale. I do not claim such features or arrangement, but what I claim as new, and desire to secure by letters patent, is a bale provided at its ends with single binder-pieces about the same size as the ends of the bale, and suitably bound thereto by cords or wires, substantially as shown and specified."

It will be seen, therefore, that the patentee concedes that short-cut feed had been baled by binding the sides with series of strips, and he proposes to do it with one strip, the same size as the ends of the bale. The demurrer raises the question as to whether there is anything patentable in this new method of baling. It seems to me that the simplest mechanical skill could have ascertained, if such be the fact, that one thin board across the end of a bale of short-cut feed would work better than three or four narrow strips, if it be true, as claimed, that such strips "could not be made to preserve suitable relative positions to each other and to the hay or straw." I am not unmindful of the recognized rule that, after a patent has been issued by the patent office, the presumption is in favor of patentability, or of another rule, that, where the lack of patentability is set up by demurrer, it should be clear that the alleged invention is nonpatentable. In this case, however, I am perfectly clear that the element of invention is lacking. I think that not only the most ordinary mechanical skill would have produced the device here claimed to be an invention, but that any person of ordinary intelligence, engaged in baling short-cut feed or other material, would naturally have resorted to this method of baling.

Believing as I do that this is not a patentable invention, upon that ground, without passing upon the other grounds urged in the demurrer and in argument, the demurrer is sustained and the bill dismissed.